**FENGXIANG GAO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–73347.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 23, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael Conlan, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN and M. SMITH, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

## MEMORANDUM **

Fengxiang Gao, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the BIA's and IJ's decisions unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition.

Substantial evidence supports the BIA's and IJ's denial of asylum based on an adverse credibility determination. Gao's testimony was materially inconsistent with his statement to the asylum officer regarding a matter that goes to the heart of his asylum claim, namely, whether or not he practiced Falun Gong in China. *See Li v. Ashcroft*, 378 F.3d 959, 962–63 (9th Cir. 2004) (holding that where asylum officer testifies regarding accuracy of interviewing procedures, inconsistencies between petitioner's asylum interview testimony and merits hearing testimony form sufficient basis to uphold adverse credibility determination). Gao's asylum application also failed to include his claim that he practiced Falun Gong. *See id.* at 963 (holding that omissions in petitioner's asylum application which go to the heart of the claim support adverse credibility finding). In the absence of credible testimony, Gao's lack of corroborating evidence also undermines his claim. *See Sidhu v. INS*, 220 F.3d 1085, 1091–92 (9th Cir.2000).

Because Gao failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withhold-

ed by 9th Cir. R. 36–3.

ing of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Gao's claim under the CAT is based on the same testimony that the BIA and IJ found not credible, and he points to no other evidence that he could claim the BIA and IJ should have considered in making the CAT determination, his CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.